The Honorable Richard A. Jones

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR22-00078-RAJ |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| KARA SUNEVA ALLEN (a/k/a KARA SUNEVA MITCHELL), | |
| Defendant. | |

The United States, through United States Attorney Nicholas W. Brown and Special Assistant United States Attorney Jessica M. Ly of the Western District of Washington, Defendant KARA SUNEVA ALLEN (a/k/a KARA SUNEVA MITCHELL), and Defendant's attorney, Sean D. McKee, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment:

    a. Trafficking in Counterfeit Goods or Services, as charged in Count 1, in violation of Title 18, United States Code, Sections 2320(a)(1) and 2.

Plea Agreement - 1
*United States v. Kara Suneva Allen (a/k/a/ Kara Suneva Mitchell)*, CR22-00078-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense.** The elements of the offense to which Defendant is pleading guilty are as follows:

a. The elements of Trafficking in Counterfeit Goods or Services, as charged in Count 1, are as follows:

*First*, the defendant trafficked, or attempted to traffic, in goods;

*Second*, such trafficking, or attempt to traffic, was intentional;

*Third*, the defendant knowingly used a counterfeit mark on or in connection with the goods in which the defendant trafficked, or attempted to traffic; and

*Fourth*, the use of the counterfeit marks was likely to cause confusion, to cause mistake, or to deceive.

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

a. For the offense of Trafficking in Counterfeit Goods or Services, as charged in Count 1: A maximum term of imprisonment of up to 10 years, a fine of up to $2,000,000.00, a period of supervision following release from prison of up to 3 years, and a mandatory special assessment of $100.00 dollars. If a probationary sentence is imposed, the probation period can be for up to 5 years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally

Plea Agreement - 2
*United States v. Kara Suneva Allen (a/k/a/ Kara Suneva Mitchell)*, CR22-00078-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a.    The right to plead not guilty and to persist in a plea of not guilty;

Plea Agreement - 3
*United States v. Kara Suneva Allen (a/k/a/ Kara Suneva Mitchell)*, CR22-00078-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

b.     The right to a speedy and public trial before a jury of Defendant's peers;

c.     The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d.     The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.     The right to confront and cross-examine witnesses against Defendant at trial;

f.     The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g.     The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.     The right to appeal a finding of guilt or any pretrial rulings.

6.     **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

Plea Agreement - 4
*United States v. Kara Suneva Allen (a/k/a/ Kara Suneva Mitchell)*, CR22-00078-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offense:

a. On or about June 29, 2021, Defendant KARA SUNEVA ALLEN (a/k/a KARA SUNEVA MITCHELL, and, hereinafter, "ALLEN") established Keepin Up With Kara LLC ("KUWK LLC"), a business specializing in the sale of goods bearing counterfeit trademarks of luxury retailers. The items sold included handbags, jewelry, and accessories, among other items. ALLEN was a registered agent and governor for this business.

b. Beginning in or around June of 2021, ALLEN ordered counterfeit merchandise from a vendor based in Asia. ALLEN later sourced her products from two vendors based in Asia.

c. KUWK LLC operated out of two adjoining suites in a warehouse space in Ferndale, Washington. The business also maintained an online presence through at least one private Facebook Group (entitled "KUWK BUY & SELL") that marketed the items available for purchase, and through the following website address:

Plea Agreement - 5
United States v. Kara Suneva Allen (a/k/a/ Kara Suneva Mitchell), CR22-00078-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

www.keepinupwithkara.com. Customers of KUWK LLC could purchase items directly from this website and often contacted ALLEN regarding requests for specific items of counterfeit merchandise that they sought to purchase.

   d. On August 5, 2021; August 25, 2021; and September 3, 2021, U.S. Customs and Border Protection ("CBP") seized parcels originating in China and Hong Kong that were destined to ALLEN at her home address in Ferndale, Washington. The parcels seized contained a variety of goods bearing counterfeit trademarks. CBP notified ALLEN of the seizure of these goods.

   e. On or about October 8, 2021 and October 15, 2021, attorneys for Louis Vuitton Malletier ("Louis Vuitton") contacted ALLEN by e-mail and postal mail regarding her alleged infringement of the company's protected trademarks.

   f. Beginning in or around December of 2021, ALLEN engaged K.C. as her personal assistant and supervised K.C.'s work on behalf of KUWK LLC, to include organization of inventory and management of the business's social media accounts. In particular, ALLEN instructed K.C. of certain rules to follow when describing the counterfeit merchandise online (for instance, referring to counterfeit Chanel-branded goods as "CC").

   g. On or about December 9, 2021, in Whatcom County, within the Western District of Washington, ALLEN intentionally trafficked in goods—specifically, a dust bag, handbag, coin purse, and authentication paperwork—by selling these items on the www.keepinupwithkara.com website and subsequently packaging and mailing them to a P.O. Box located in the state of Washington. In so doing, ALLEN knowingly used, on or in connection with these goods, counterfeit marks; that is, spurious marks that were identical with, or substantially indistinguishable from, the following registered trademarks:

//
//
//

Plea Agreement - 6
*United States v. Kara Suneva Allen (a/k/a/ Kara Suneva Mitchell)*, CR22-00078-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Company | U.S. Trademark Registration No. | Description |
|---|---|---|
| Louis Vuitton | 0297594 | "LV" Word Mark and Design |
| Louis Vuitton | 1990760 | "Louis Vuitton" Word Mark |

ALLEN used the counterfeit marks in connection with the goods for which these trademarks were registered on the principal register in the U.S. Patent and Trademark Office, and these trademarks were in use during ALLEN's trafficking of the above-referenced items. ALLEN further admits that her use of the counterfeit marks in this instance was likely to cause confusion, to cause mistake, or to deceive.

       h.      On May 2, 2022, law enforcement executed federal search warrants for the warehouse space that ALLEN used for KUWK LLC, as well as for ALLEN's residence in Ferndale and ALLEN's vehicle. During these searches, investigators seized counterfeit goods (such as clothing, handbags, wallets, belts, shoes, and other accessories) of brands including Adidas, Balenciaga, Burberry, Bvlgari, Cartier, Chanel, Christian Dior, Fendi, Goyard, Gucci, Hermès, Kylie, Louis Vuitton, Lululemon, Mac, MCM, Michael Kors, Naked Decay, Nike, Pandora, Prada, Ray Ban, Starbucks, Supreme, Tiffany & Co., Tory Burch, UGG, Versace, and Yves Saint Laurent.

       i.      During a May 2, 2022 interview with law enforcement, ALLEN admitted that the goods she sold through KUWK LLC were counterfeit and noted that she was "very transparent" with her customers that they were not genuine items. ALLEN also acknowledged receiving seizure notifications from CBP as well as cease and desist letters from "Louis Vuitton or Gucci."

       j.      On May 7, 2022 and May 9, 2022, CBP seized parcels originating in China that were destined to ALLEN at the warehouse address in Ferndale, Washington. The parcels seized contained a variety of goods bearing counterfeit trademarks.

       k.      Between approximately June of 2021 to May of 2022, ALLEN acquired, attempted to acquire, or sold over 1,900 items bearing counterfeit trademarks

Plea Agreement - 7
United States v. Kara Suneva Allen (a/k/a/ Kara Suneva Mitchell), CR22-00078-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

with an estimated retail value of $185,842.85. During this same time period, ALLEN made approximately $43,430.85 in profits from KUWK LLC.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a.    The base offense level is eight, under USSG § 2B5.3(a);

    b.    A ten-level increase under USSG § 2B5.3(b)(1)(B) because the infringement amount exceeds $150,000.00 but is less than $250,000.00;

    c.    A two-level increase under USSG § 2B5.3(b)(3)(A) because the offense involved the importation of infringing items; and

    d.    A two-level increase under USSG § 3B1.1(c) because the defendant was a supervisor in the criminal activity.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead

Plea Agreement - 8
*United States v. Kara Suneva Allen (a/k/a/ Kara Suneva Mitchell)*, CR22-00078-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Agreed Recommendation Regarding Imprisonment.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is not more than one year and one day. Defendant is free to recommend any sentence to the Court. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this Plea Agreement, Defendant agrees that restitution in this case should not be limited to the offense of conviction. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty plea to include those losses resulting from crimes not charged or admitted by Defendant in the Statement of Facts, including with respect to any and all counterfeit items seized by law enforcement that were destined for Defendant or Defendant's business. In exchange for the promises by the United States contained in this Plea Agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

   a. The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as

Plea Agreement - 9
United States v. Kara Suneva Allen (a/k/a/ Kara Suneva Mitchell), CR22-00078-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that the defendant is unable to make immediate restitution.

        b.     Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property

Plea Agreement - 10
*United States v. Kara Suneva Allen (a/k/a/ Kara Suneva Mitchell)*, CR22-00078-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

c. The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

13. **Forfeiture of Assets**. Defendant understands that forfeiture of property is part of the sentence that must be imposed in his case. Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property, the making or trafficking of which is prohibited under Title 18, United States Code, Section 2320; any property used, or intended to be used, in any manner or part to commit or facilitate the offense; and any property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense. All such property is forfeitable pursuant to Title 18, United States Code, Section 2323, and includes the following property:

a. Counterfeit Louis Vuitton items, including a dust bag, handbag, coin purse, and authentication paperwork, that Defendant trafficked on or about December 9, 2021, by selling them on the www.keepinupwithkara.com website.

Defendant agrees to fully assist the United States in the forfeiture of any forfeitable property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated. Defendant also agrees she will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

Plea Agreement - 11
United States v. Kara Suneva Allen (a/k/a/ Kara Suneva Mitchell), CR22-00078-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

14. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband, including counterfeit goods, that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband. Defendant agrees to abandon any interest that she may have in the contents of parcels that were addressed to her, but which Customs and Border Protection intercepted and seized, on or about August 5, 2021; August 25, 2021; September 3, 2021; May 7, 2022; and May 9, 2022. Defendant also agrees to abandon her interest in any and all counterfeit goods seized from her business, residence, and vehicle on May 2, 2022.

15. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and will move to dismiss the remaining counts in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

16. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States

Plea Agreement - 12
United States v. Kara Suneva Allen (a/k/a/ Kara Suneva Mitchell), CR22-00078-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17.   **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

   a.   Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine,

Plea Agreement - 13
*United States v. Kara Suneva Allen (a/k/a/ Kara Suneva Mitchell)*, CR22-00078-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

   b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

  This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

  If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

  18. **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

  19. **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//
//
//
//
//

Plea Agreement - 14
*United States v. Kara Suneva Allen (a/k/a/ Kara Suneva Mitchell)*, CR22-00078-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 21st day of October, 2022.

_____
KARA SUNEVA ALLEN
Defendant

_____
SEAN D. MCKEE  #40199
Attorney for Defendant

_____
THOMAS WOODS
Assistant United States Attorney

_____
JESSICA M. LY
Special Assistant United States Attorney

Plea Agreement - 15
United States v. Kara Suneva Allen (a/k/a/ Kara Suneva Mitchell), CR22-00078-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970